## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARION DIXON, | ) |
| Petitioner, | ) |
| vs. | ) CASE NO. 04-947-MJR |
| JESSE MONTGOMERY, | ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Marion Dixon's § 2254 petition for a writ of habeas corpus (Doc. No. 1). Dixon challenges disciplinary proceedings resulting in a deprivation of good time credits. Because Dixon is currently on parole, Jesse Montgomery, the deputy director of the Illinois Department of Corrections' Parole Division, has been substituted as the respondent. Pending at this time is respondent's motion to dismiss (Doc. No. 6).

Dixon alleges that good conduct credits were revoked as a result of prison disciplinary proceedings initiated on May 19, 2004. In several respects, he claims that the proceedings violated the procedural protections of the Due Process Clause. Respondent claims that this action should be dismissed on the ground that Dixon sought federal habeas relief without first seeking mandamus relief from the state courts.

State prisoners challenging a deprivation of good conduct credits by way of a habeas corpus petition must exhaust adequate and available state remedies before proceeding to federal court. 28 U.S.C. § 2254(b)(1), (c); *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973); *McAtee v. Cowan*, 250

F.3d 506, 508 (7th Cir. 2001). The remedies that must be exhausted in the prison disciplinary context vary from state to state. The authority of Illinois courts to review prison disciplinary proceedings and restore good time credits for violations of federal law is well-established. *See Durbin v. Gilmore*, 718 N.E.2d 292, 294-97 (Ill. App. 1999). Hence, before seeking federal habeas relief, Illinois inmates seeking restoration of good conduct credits must seek an order of mandamus from an Illinois circuit court. *See Johnson v. McGinnis,* 734 F.2d 1193, 1198-99 (7th Cir.1984). If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including an effort to obtain discretionary review by the Illinois Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999).

Dixon does not allege that he pursued mandamus litigation in state court. Rather, he argues that his federal law claims should be resolved on the merits, noting that he spent considerable time and effort in bringing this action (Doc. No. 1, 9). The Court is not persuaded by this argument.

IT IS RECOMMENDED that respondent's motion to dismiss (Doc. No. 6) be GRANTED.

IT IS FURTHER RECOMMENDED that Marion Dixon's § 2254 petition for a writ of habeas corpus (Doc. No. 1) be DISMISSED without prejudice for failure to exhaust state court remedies.

SUBMITTED:    September 15, 2005    .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**